## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**ERCIL K. GATES**                                                          **PLAINTIFF**

**V.**                        **CASE NO. 4:08CV04192 JMM/BD**

**DOC HOLLIDAY,** *et al.*                                          **DEFENDANTS**

## ORDER

Plaintiff, a pretrial detainee at the Pulaski County Detention Facility ("PCDF"),

brings a pro se Complaint (docket entry #2) under 42 U.S.C. § 1983, along with a Motion

for Leave to Proceed *In Forma Pauperis* (#1).   Plaintiff's Motion for Leave to Proceed

*In Forma Pauperis* (#1) will be held in abeyance at this time.

Federal courts are required to screen prisoner complaints seeking relief against a

governmental entity, officer, or employee.  28 U.S.C. § 1915A.  The Court must dismiss a

complaint or portion thereof it the prisoner has raised claims that:  (a) are legally frivolous

or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the

conduct of a defendant acting under color of state law deprived him of a right, privilege,

or immunity secured by the federal Constitution or laws of the United States.  42 U.S.C.

§ 1983.  While a court must accept the factual allegations in the complaint as true and

hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings

drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), a

plaintiff still must assert facts sufficient to state a claim as a matter of law.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  As the case now stands, the Court cannot determine whether Plaintiff has stated a claim for relief under § 1983.

Plaintiff alleges that he received money to use for stamps and to make copies for legal filings.  Since Plaintiff owed the county money, the received money was taken to pay Plaintiff's debt.  Plaintiff's request for stamps as an indigent inmate was then denied because Plaintiff had received money.  As a result, Plaintiff alleges that his First Amendment right to meaningful access to the courts was violated.  Plaintiff sues Defendants Holliday, Morgan, Smith, Paxon, Peters, and Martin for the alleged violation.

To allow meaningful access to the courts "indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them."  *Bounds v. Smith*, 430 U.S. 817, 824-25, 97 S.Ct. 1491, 1496 (1977).  Inmates are not entitled, however, to unlimited free postage.  *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir.1989).  A regulation that limits access to the courts is valid if it is "reasonably related to legitimate penological interests."  *Id.* at 1110 (quoting *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261 (1987)).

An allegation that prison officials have impeded access to the courts, standing alone, is insufficient to establish a constitutional violation.  "To assert a successful claim for denial of meaningful access to the courts . . . an inmate must demonstrate that he suffered prejudice."  *Blaise v. Fenn*, 48 F.3d 337, 340 (8th Cir. 1995) (citations omitted).

An exception to this rule applies when "a systemic denial of inmates' constitutional right of access to the courts" is in force, because that is "such a fundamental deprivation that it is an injury in itself." *Id.* (citations omitted).

In the present case, Plaintiff has failed to allege any injury or prejudice resulting from the Defendants' alleged conduct. His allegations are also insufficient to establish a systematic denial of access to the courts. While Plaintiff names several individuals as Defendants, his Complaint mentions only Defendant Martin. Accordingly, Plaintiff is ordered to provide an amended complaint, within thirty (30) days of the issuance of this Order, addressing the issue of prejudice and specifically describing the offending conduct of each named Defendant.

Failure to timely and completely respond to this Order may result in dismissal of the Complaint. See Local Rule 5.5(c)(2).[1] Plaintiff's Motion for Leave to Proceed *in forma pauperis* (#1) will be held in abeyance until a review of the amended complaint.

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

3

IT IS SO ORDERED this 12th day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE