**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ERCIL K. GATES**                                                                                        **PLAINTIFF**

V.                              **CASE NO. 4:08CV04192 JMM/BD**

**DOC HOLLIDAY,** *et al.*                                                                          **DEFENDANTS**


## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## II.     Background:

Plaintiff, a pretrial detainee at the Pulaski County Regional Detention Facility ("PCRDF"), brings a pro se Complaint (docket entry #2) under 42 U.S.C. § 1983, along with a Motion for Leave to Proceed *In Forma Pauperis* (#1).  In his original Complaint, Plaintiff alleged that he received money to use for stamps and to make copies for legal filings.  Because Plaintiff owed the county money, the received money was taken to pay Plaintiff's debt.  Plaintiff's request for stamps as an indigent inmate was then denied because Plaintiff had received money.  As a result, Plaintiff alleges that his First Amendment right to meaningful access to the courts was violated.  Plaintiff sues Defendants Holliday, Morgan, Smith, Paxon, Peters, and Martin ("County Defendants") for the alleged violation.

Since filing his original Complaint, Plaintiff has filed two Amended Complaints (#5 and #6) and a subsequent Motion for Leave to Proceed *In Forma Pauperis* (#7).  The Court addressed the claims Plaintiff raised in those Complaints and his Motions to Proceed *In Forma Pauperis* in a previous Recommended Disposition (#8).  Plaintiff has now filed a Motion to Amend his Complaint (#10).  The Court finds that Plaintiff's Motion (#10) should be DENIED.

**III.    Discussion:**

    A.    <u>Standard</u>

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." The Eighth Circuit has specifically stated that under the liberal amendment policy of Rule 15 "a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001). However, a district court's denial of a plaintiff's motion to amend has consistently been upheld when the amendment has been futile. See *Runningbird v. Weber*, 198 Fed. Appx. 576 (8th Cir. 2006) (unpublished) (per curiam); *Gray v. McQuilliams*, 14 Fed.Appx. 726 (8th Cir. 2001) (unpublished) (per curiam); and *Holloway v Dobbs*, 715 F.2d 390 (8th Cir. 1983).

In Plaintiff's Motion to Amend, he seems to complain that: (1) Defendants have retaliated against him; (2) his conditions of confinement violate his eighth amendment rights; and (3) Defendants have violated ADC Policy. Plaintiff's allegations fail to state any actionable § 1983 claim.

    B.    <u>Retaliation</u>

In his Motion to Amend, Plaintiff complains that on December 9, 2008, Deputy Comic, who is not a party to this action, acted in a hostile manner towards him in the law

library when he requested that she make certain copies for him. Based upon Plaintiff's allegations, it appears that he filed a grievance against Deputy Comic following the December 9th incident. After Plaintiff filed his grievance, Plaintiff received a disciplinary for making a false accusation against a staff member.

On December 16, 2008, Plaintiff appeared before the disciplinary board. Board members Bally and Wilson (not parties to this action) found Plaintiff guilty of the alleged disciplinary. As a result of the disciplinary conviction, Plaintiff was sentenced to five days in lock up. Plaintiff states that he "consider[s] this treatment as a sign of retaliation due to me having 4 complaints by prisoners against this jail" (#10 at p.5).

To establish a prima facie case for retaliation, Plaintiff must show that: (1) he exercised a constitutionally protected right; (2) prison officials disciplined him; and (3) his exercise of a protected right was the motivation for the discipline. *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007). Plaintiff bears a heavy evidentiary burden to establish a prima facie case. *Id.* (citing *Murphy v. Mo. Dept. of Corr.*, 769 F.2d 502, 503 n. 1 (8th Cir. 1985)). He cannot merely allege that an act was retaliatory. *Id.* (citing *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985)).

Here, Plaintiff has simply alleged that he "considers" his treatment a sign of retaliation. Accordingly, Plaintiff's claim appears to be speculative at best. See also *Earnest v. Courtney*, 64 F.3d 365, 367 (8th Cir. 1995) (retaliation claim is precluded if punishment is imposed for actual rule violation and defendants show "some evidence"

4

that inmate committed the alleged rule violation) and *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (stating that "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decision maker").  Further, Plaintiff does not mention any of the individuals currently named as party Defendants in this lawsuit when describing the events giving rise to his retaliation claim.  Rather, Plaintiff seems to allege that Deputies Crouch, Browley, and Comic are the individuals responsible for any alleged retaliation.  Because these individuals and these allegations were not mentioned in any of Plaintiff's previous Complaints, the Court finds that Plaintiff's amendment would be futile, and that he should not be permitted to raise this claim in the instant lawsuit.[1]  If Plaintiff seeks to pursue this claim against these individuals, it should be done in a separate lawsuit.  Plaintiff may not use this lawsuit as a vehicle to bring each and every claim that arises while he is incarcerated.

    C.    <u>Conditions of Confinement</u>

In order to establish that a prisoner's conditions of confinement violate the Eighth Amendment, the prisoner must show (1) that the alleged deprivation is, "objectively,

---

[1] The Court notes that Plaintiff mentions Deputy Comic in his Amended Complaint filed December 23, 2008.  However, in his Amended Complaint, Plaintiff simply alleges that Deputy Comic "cut [his law library] hour short both times" (#7 at p.8).  Plaintiff does not include any allegations regarding retaliation.

5


sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities," and (2) that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1977, 1980 (1994). Here, Plaintiff's allegations fall short of establishing such a claim.

In his Motion to Amend, Plaintiff claims that while he was in "lock up" in December 2008, the air conditioning unit remained on, and his toilet stayed full for five days. In addition, Plaintiff claims that he was provided unsanitized mats during the day. Such facts are insufficient to establish an eighth amendment claim. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991)). Further, Plaintiff has failed to allege that Defendants acted with "reckless disregard of a known risk" or that he suffered any injury as a result of any unconstitutional conditions. *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005).[2] "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v.*

---

[2] With regard to Plaintiff's claim that Defendants provided him unsanitary mats while housed in lock up, Plaintiff's claim also fails. Based upon Plaintiff's allegations, it appears that Plaintiff had the choice as to whether he should use the mats in question or go without the mats. Either way, the Eighth Circuit has held that there is no absolute eighth amendment right to be placed in a cell with bedding. *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995). Accordingly, Plaintiff's claim fails.

*Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55, 98 S.Ct. 1042 (1978)).  As a result, Plaintiff's claim fails and any amendment containing this claim would be futile.

    D.    <u>Violation of Prison Policy</u>

In his Motion to Amend his Complaint, Plaintiff again complains that Defendants have "broken the rules" by failing to maintain an adequate number of staff members at the PCRDF.  Plaintiff's claim fails.  There is no federal Constitutional liberty interest in having state officers follow state law or procedure.  *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) (citing *Olim v. Wakinekona,* 461 U.S. 238, 250, 103 S.Ct. 1741, 1748 (1983)).  Thus, even assuming that Defendants have violated any PCRDF rule or policy, Plaintiff's claim fails as a matter of law.  Accordingly, to allow such an amendment would be futile.

**IV.**    <u>**Conclusion**</u>**:**

The Court hereby recommends that Plaintiff's Motion to Amend (#10) be DENIED.

DATED this 23rd day of February, 2009.

                                         _____
                                       UNITED STATES MAGISTRATE JUDGE